King, J.,
delivered the opinion of the court.
Appellee, as plaintiff, brought this action in the nature of ejectment, to recover from the defendant *383 four certain parcels of land situate in Washington county, alleging his title in fee simple and right to immediate possession, and that defendant wrongfully withheld possession thereof. The defendant, among other defenses, pleaded title in himself by virtue of several tax deeds, also color of title under one of said deeds, and invoked the bar of the statute of limitations, pleading and relying upon both the short statute as applied to actions for recovery of land sold for taxes (Rev. Stats., ’08, sec. 5733; Mills’ Ann. Stats., sec. 3904), and the seven-year statute, alleging his actual possession under claim and color of title made* in good faith, with payment of all taxes legally assessed, for-the full period required by said statute. — Rev. Stats., ’08, sec. 4089.
Plaintiff deraigned- title from the original patentee through several mesne conveyances. No serious objection was made to plaintiff’s title, except that it was defeated by the several tax deeds and the statutes of limitation as hereinbefore set forth.
Defendant’s several tax deeds were refused admission as evidence of title, but admitted for the purpose of showing color of title. Each was void on its face. The first deed, because it showed the sale to the county of several non-contiguous tracts of land, en masse, for a gross sum, and that the certificate of purchase, upon which the deed was based, had been assigned by the county clerk more than three years after the tax sale and issuance of said certificate. — Emerson v. Shannon, 23 Colo., 274. Page v. Gillett, 47 Colo., 289. Hughes v. Webster (Colo.), 122 Pac., 789, 790. Carnahan v. Sieber Cattle Co., 34 Colo., 257. Empire Ranch & Cattle Co. v. Coldren (Colo.), 117 Pac., 1005. McLaughlin v. *384 Reichenbach (Colo.), 122 Pac., 47. The second deed was made pursuant to the same tax sale as the first, upon an assignment of the certificate made by the county treasurer, by authority of the board of county commissioners, but was void on its face because of the recital therein of the sale of non-contiguous tracts en masse, as in the first. The other two deeds omitted certain material recitations required by the statute to be made in the form prescribed for treasurer’s deeds, to-wit, that the property had not been redeemed from tax sale as provided by law. The deeds were therefore inadmissible as evidence for the purpose of showing title.
Seven years and four months had elapsed after the first tax deed had been recorded, before suit was brought, and all taxes assessed upon said lands during that time had been paid by the defendant, but the deed, being void on its face, did not operate to set the five-year statute of limitations in motion. —Gomer v. Chaffee, 6 Colo., 314. Page v. Gillett, supra. Sayre v. Sage, 47 Colo., 559. Hughes v. Webster, supra.
The tax deed relied upon by the defendant gave him color of title from the date of its record. — Morris and Thombs v. St. Louis National Bank, 17 Colo., 231. Sayre v. Sage, supra. Hughes v. Webster, supra. But it is. not necessary to decide whether the bar of the seven-year statute of limitations began to run from the date of such record, or whether the payment of taxes, admitted and otherwise established, was sufficient to constitute an effective bar to the suit, if compliance with other provisions of the said statute had concurred therewith; for, the evidence does not prove such concurrence. It does *385 not show when the defendant went into possession, nor that he was in the actual and continnons possession of said lands during the whole period of seven years mentioned. Actual adverse possession cannot be established by inference or implication. The admission that he was in possession at and for some time prior to the time when suit was commenced, was not sufficient. The nature of the defense relied upon required strict proof. There was a complete, failure of such proof to establish the possession as alleged. This failure is not cured, nor avoided, nor is defendant in any way aided; by the, doctrine of constructive possession, for his void deed did not give him such possession. On the contrary, the grantee of the original owner had constructive possession by virtue of a perfect legal title, and such possession is deemed to continue until interrupted by an actual entry and adverse possession taken by another (Morris and Thombs v. St. Louis National Bank, supra), or until the payment of taxes on vacant and unoccupied lands for the requisite period of years, concurrent with color of title made in good faith (as provided by sec. 4090, Eev. Stats., ’08), shall have become equivalent in law to actual ouster or disseizin. . The benefit of this latter statute was claimed by appellant in argument, but cannot be allowed, for the reason that its bar was neither raised by the pleadings nor sustained by the facts developed at the trial.
Express mention of other exceptions taken and assignments of error made by appellant, is unnecessary, by reason of decisions of the supreme court upon the questions involved,- rendered ■ since the briefs in this case were filed. And particular refer *386 ence to the argument in the able and exhaustive brief of the amicus curiae is not made, for the reason that such brief is based upon, and the argument confined almost entirely to, those provisions of the statutes of limitation which are not properly raised by the pleadings nor sustained by the evidence herein, and therefore not applicable.
Finding no substantial error in the record, the judgment of the trial court will be affirmed.